# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

RECEPTION AND MEDICAL CENTER
DATE: 9-6-19
INMATE INIT:

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

STEVEN F. D'AMICO,

Inmate # L58304

(Enter full name of Plaintiff)

vs.

CASE NO: 4:19cv445AW-HTC
(To be assigned by Clerk)

MARK S. INCH,
STEVEN H. WHEELER,
JOSEPH EDWARDS,
RAMON BASSA,
D. SMITH.

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FILED USDC FLND TL
SEP 11 '19 PM 1:27

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Steven F. D'Amico
Inmate Number: X58304
Prison or Jail: Reception & Medical Ctr.
Mailing address: Post Office Box 628
Lake Butler, Florida 32054

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: Mark S. Inch
    Official position: Secretary Fl. D.O.C.
    Employed at: Florida Department of Correction
    Mailing address: 501 South Calhoun St.
    Tallahassee, Florida 32399

(2) Defendant's name: Steven H. Wheeler
    Official position: CEO, Centurion
    Employed at: Centurion of Fl., LLC
    Mailing address: 1593 Springhill Rd. #610
    Vienna, Virginia 22182

(3) Defendant's name: Joseph Edwards
    Official position: Warden
    Employed at: Reception and Medical Ctr.
    Mailing address: Post Office Box 628
    Lake Butler, Fl. 32054

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

III.  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.  **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(✓)            No( )

1. Parties to previous action:
   (a) Plaintiff(s): Steven Francis D'Amico
   (b) Defendant(s): Shaun E. Swain, Peter Lindboe
2. Name of judge: unknown       Case #: 2015.CC.576
3. County and judicial circuit: Columbia, Third Judicial Circuit
4. Approximate filing date: 2015
5. If not still pending, date of dismissal: ___
6. Reason for dismissal: ___
7. Facts and claims of case: Swain unlawfully struck D'Amico for letter to Leon Cty Sheriff, Lindboe covered up battery.

(Attach additional pages as necessary to list state court cases.)

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
Yes(✓)            No( )

1. Parties to previous action:
   a. Plaintiff(s): Steven D'Amico
   b. Defendant(s): Julie Jones, Sec. Fl.-D.O.C.
2. District and judicial division: Northern Dist. Fl., Tallahassee Div.
3. Name of judge: Charles Stampelos      Case #: 4:18CV494-RH/CAS
4. Approximate filing date: 10.25.18
5. If not still pending, date of dismissal: ___
6. Reason for dismissal: ___

3 - 1

# IV. PREVIOUS LAWSUITS (continued)

A. State Court Actions
1. Parties to action
   (a) Steven F. D'Amico (Plaintiff)
   (b) Marvin Clemmons, et al. (Defendants)
2. James O. Shelfer, Judge, Case No. 2018·CA·001588
3. Leon County, Second Judicial Circuit
7. Fabricated "Inciting Riots" charge against D'Amico in reprisal for complaints against Shawn E Swain and Peter Lindboe.

1. Parties to action
   (a) Steven F. D'Amico, (Plaintiff)
   (b) M. Berry, M. Mera, (Defendants)
2. unknown Judge, Case No's 16·13·CA, 18·11·CA
3. Dixie County, Third Judicial Circuit
4. 2016; 2018
5. Clerk of Court refused to serve summons on Defendants
6. unknown
7. Fabricated statement used for forced transfer to Crisis Stabilization Unit, Charlotte C.I. in reprisal for complaints on ceasation of cancer treatments on October 8, 2014

7. Facts and claims of case: _First & Eight Amendment Violations, Denied Cancer Treatments (Skin)._

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)          No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _Steven F. D'Amico_
   b. Defendant(s): _Joseph Edwards_
2. District and judicial division: _Eighth Judicial District_
3. Name of judge: _____  Case #: _63.2019.CA.0068_
4. Approximate filing date: _August 8, 2019_
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _Habeas Corpus, Florida Supreme Court held there can be no lesser included charges for an attempt charge._

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✓)          No( )

1. Parties to previous action:
   a. Plaintiff(s): _Steven F. D'Amico_
   b. Defendant(s): _Secretary Fl. DOC_
2. District and judicial division: _Middle District of Florida_
3. Name of judge: _Harvey Schlesinger_  Case Docket # _3:13CV00400 HES_
4. Approximate filing date: _2013_  Dismissal date: _2013_
5. Reason for dismissal: _Frivolous_

4

6. Facts and claims of case: __Department staff abuses of prisoners__

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. D'Amico was punched from behind by a unknown gang member, who broke his jaw on June 3, 2019. He went to urgent care at Reception and Medical Center (RMC) immediately. Radiology took X-rays of jaw and other injured areas caused by a seperate beating by black gang members in C-dorm. They confirmed his jaw was broken. RMC staff placed him in administrative confinement (A/c), allegedly for "protection." He remained in A/c for a couple of weeks without any treatment. All his personal property was stolen in C-dorm, so he did not even have a pen. RMC confinement staff refused to provide him a pen during this period. Finally, he asked single dose nurse to write a sick-call request for treatment for his jaw, which she did.

2. Shortly thereafter, D'Amico was brought to Dental Clinic, where X-rays were again taken. Oral Surgeon, D. Smith advised him, jaw was broken in two (2) places. A break in upper portion near hinge, and another front

center of his manible. Dr. Smith advised him he needed two plates, and his mouth wired shut.

3. After being left in A/c without any further treatment beyond X-rays for thirteen (13) days, D'Amico filed formal grievance 1906-209-059 to RMC Warden, Edwards on June 16, 2019. He borrowed a broken pen from his cell mate. He had to dip tip of pen in ink and write with it like a quill. RMC Medical Director, Bassa denied grievance, claiming D'Amico was treated in accordance with DC policy and procedure. Exhibits A-1-a, & b.

4. D'Amico appealed to Office of Secretary, Mark S. Inch, no. 19-6-24347. He argued even a lay person would agree, broken bones should not be left untreated for three (3) weeks. D'Amico also stated, "jaw has already begun to mend due to Smith's depraved indifference." Secretary's Representative, Michelle Schouest responded, Dr. Bassa appropriately addressed issue. Exhibits-B-1-a, and b.

5. D'Amico asserts, Dr. Smith spitefully forced him to wait thirty-six (36) days before he treated D'Amico in retaliation for complaints. This excessive delay was a direct reprisal for aforementioned grievances against Dr. Smith. After, July 9, 2019 operation, D'Amico was placed in RMC Hospital for twenty-four (24) hours of observation. During this time, Hospital staff cruelly harassed him nearly entire time. This was little different from RMC confinement staff's and their inmate allies, unrelenting harassment since June 3, 2019. These cruel reprisals were illegal harassment in retaliation for complaints filed by D'Amico against RMC staff, including Dr. Smith.

6. While at RMC Hospital, D'Amico discovered anchoring wires woven through top and bottom teeth. However, they were not wired together to keep mouth shut. Essentially, there was no practical purpose for them to be there. The twisted ends of bottom wires stuck straight out, and carved up inside of mouth. Even worse, these bottom wires were so cruelly over tightened, they tormented D'Amico, even with pain relievers.

7. Dr. A. Camon was informed of these problems, when he made his rounds on July 10, 2019. He asked whether wax had been provided, to place over wire ends. D'Amico informed him, no wax was provided by Dr. Smith. Dr. Camon arranged for D'Amico to be brought back to Dental Clinic same day.

8. More X-rays were taken at Dental Clinic on July 10, 2019. Dr. Smith informed D'Amico the break in upper part of manible already healed before July 9, 2019 operation, and did not require a plate. D'Amico asked if that was why his mouth was not wired closed? Dr. Smith evaded this question. D'Amico then asked, what was reason for wires to be there? Again, Dr. Smith refused to answer.

9. The wires woven through bottom teeth were so tight, D'Amico was tormented. The wire endings were carving up inside of his mouth. Dr. Smith refused to provide a legitimate purpose for these wires. Based on these facts, D'Amico demanded wires be removed from his

mouth. Dr Smith forced D'Amico to sign a refusal form, before he removed wires. D'Amico signed under duress of pain, stating next to his signiture, to remove wires. Due to pain, he would have signed anything to get these torturous wires removed.

* 10. Dr Smith also created a fleshy mass between jaw and chin. This mass caused D'Amico to talk with a lisp. In weeks that followed, this mass of tissue began to shrink. This shrinkage did not alleviate lisp! Another problem suffered by D'Amico caused by excessive delay in treatment was misalignment of bottom front teeth. After thirty-six (36) days, bone tissue already developed at injury site. This new bone tissue made it impossible for Dr Smith to put D'Amico's teeth back in their proper position. He can no longer close his mouth without these misaligned teeth hitting his upper teeth.

11. D'Amico argues this excessive thirty-six (36) day delay hurt him. This delay allowed jaw bone to heal improperly. A delay in seriously needed treatment is same as no treatment. Secretary Inch, Warden Edwards, Medical Director Bassa, and Dr. Smith all share responsibility for the excessive delay. They were all put on notice of need to treat broken jaw through grievances filed by D'Amico. They were all in a position to correct the delay, but remained deliberately indifferent.

12. D'Amico suffered injuries caused intentionally by Dr. Smith. He was forced to endure an unnecessary excessive delay and its after effects. Dr. Smith deliberately conducted himself in a reckless manner to punish D'Amico for his grievances and other complaints against Dr. Smith and other RMC staff. D'Amico was continually harassed by RMC staff and their prisoner allies, especially black prisoners. RMC staff hatefully tell prisoners, "D'Amico shot a black person for no reason," that "D'Amico is a snitch or tattle-tale," and/or whatever information RMC staff believes will bring the most harm to D'Amico. Dr. Smith happens to be a black man.

13. Dr. Smith was permitted to delay treatment for thirty-six (36) days because it conformed to a Department wide policy. The Department's Medical provider, Centurion, through its CEO Steven Wheeler, promotes a policy to delay and deny needed medical care, whenever possible, to save money. Former Secretary, Julie L. Jones entered into contract C2869, with Centurion of Florida on January 29, 2016, to provide appropriate health care services to prisoners. Jones was motivated to continue to use private health care to save money. She knew or should have known the only way to save money was to reduce and delay medical services to prisoners in violation of Eighth Amendment. Her actions fostered an extreme cost cutting culture which still exits today under new

Secretary, Mark S. Inch.

14. CEO, Wheeler administered over Centurion's health care policy. It fostered cost containment by reducing or delaying needed medical services to prisoners. Under this policy, subordinate employees were directed and given incentives to reduce, or delay, or deny, non-emergency Specialty Clinics and surgical needs whenever possible, without regard to actual need.

15. Both Inch and Wheeler were bound to provide medical care and treatment consistent with minimum prevailing standards regardless of cost, and both failed to do so. As Secretary, Inch was required to supervise, oversee, monitor, or be involved in actions of department and contractor employees. These were duties which could not be delegated by Secretary, Inch. This authority could only be delegated to subordinates for formation of orders, rules, regulations, policies, customs, and practices which enabled Secretary Inch to meet his obligations. Inch's officiation over the callous deliberate indifferent conduct of his subordinates, holds him responsible. Both Secretary, Inch and CEO Wheeler were responsible for departments failure to meet minimum prevailing standards of medical care in D'Amico's case. D'Amico now talks with a lisp and can not chew food properly, due to their failure to meet minimum prevailing standards of medical care.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Defendants violated D'Amico's First and Eighth Amendment rights. Dr. Smith denied D'Amico proper medical care in reprisal for grievances he filed against Dr. Smith and other RMC staff. D'Amico now speaks with a lisp and can no longer bite food as a direct result of Dr. Smith's malicious retaliatory conduct. He was needlessly subject to pain from overly tighted wires in his mouth and was/is subjected to constant harassment. Universal Declaration of Human Rights, Article 5

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

D'Amico should be examined and treated by an oral surgeon other than Dr. Smith. Compensatory and punitive damages for harm caused to D'Amico in reprisal for complaints against Dr. Smith and other RMC staff.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

_____     _____
(Date)                     (Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _____ day of September, 20 19.

_____
(Signature of Plaintiff)

Revised 03/07

7

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| D'Amico, Steven F | 258304 | RMC Main |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

*Medical Reprisal*   **Part A – Inmate Grievance**

Grievants jaw was broken on 6.3.19. He has been housed in administrative confinement since then without having it set.

It is deliberate indifference to allow grievant to remain without his broken bones to be repaired for all this time!

He has been needlessly ignored for 13 days. It is intenable to leave broken bones uncared for.

6·16·19
DATE

SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / ___

Exhibit A-1-a

1906-209-059

# / Signature

**INSTRUCTIONS**

## PART B - RESPONSE

| DAMICO, STEVEN | L58304 | 1906-209-059 | R.M.C.- MAIN UNIT | K1105L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

D'Amico, Steven DC# L58304    1906-209-059

CONFIDENTIALITY NOTICE: This document may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distributions is prohibited.

Your formal grievance has been received, reviewed, and responded to.

Review of records indicates that you were seen by the Oral Surgeon, Dr. Smith, who recommended surgery. Surgery has been approved and is currently pending scheduling. You have the option to access sick call should you have further concerns.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE (S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

You are being treated in accordance with DC policy and procedure.
************************
Your grievance is hereby denied.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form and providing attachments as required by 33-103.007, and forwarding your complaint to the Bureau of Policy Management and Inmate Appeals, 501 South Calhoun St. Tallahassee, FL 32399.

R. Bassa MD, CCHP
Medical Director
RMC

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

6/21/19
DATE

**MAILED**
JUN 21 2019

Exhibit A-1-b

med

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
JUL 01 2019
Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

D'Amico, Steven F.   258304   RMC Main
Last  First  Middle Initial   DC Number   Institution

Part A – Inmate Grievance    19-6-24347

This request for administrative remedy appeals Formal 1906.204.059 denied by Bassa, med. director RMC. Grievant had his jaw broken on 6.3.19. He was placed in A/C segregation and as of this writing has been left for over 3 weeks without setting these broken bones.

Bassa stated "you are being treated in accordance with DC policy and procedure." This "policy" violates grievant's Eighth Amendment right to be free from cruel and unusual punishment. It also violates U.N. Declaration of Human Rights. Clearly, any laymen would agree a broken jaw (BONES) should not go untreated for over 3 weeks and any Doctor who believes to leave broken bones untreated for 3 weeks suffers from depraved indifference to human suffering.

Please arrange for my jaw to be treated by a doctor who respects human life. Oral Surgeon Dr. Smith will not be allowed to touch grievant. His jaw has already begun to mend due to Smith depraved indifference. I can eat now and Smith will not be needed. I need to be treated by a Doctor who is not depraved!

6·25·19           Steven D'Amico
DATE              SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:     /
                                                                          #   Signature

Exhibit B-1-a   202.5354

## PART B - RESPONSE

MAILED/FILED WITH AGENCY CLERK
JUL 2 6 2019
Department of Corrections
Bureau of Inmate Grievance Appeals

| DAMICO, STEVEN | L58304 | 19-6-24347 | R.M.C.- MAIN UNIT | K1105L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

Please be advised that an inmate has the responsibility to write the grievances legibly and if not then it can be returned to the inmate without processing.

It is determined that the response made to you by Dr. Bassa on 6/21/19 appropriately addresses the issues you presented.

Reviewed records indicate that you have been seen and treated.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

_____
SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

_____
SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

7/23/19
DATE

Exhibit - B-1-6

Steven D'Amico
DOC # LS8304
Reception and Medical Center
Post Office Box 628
Lake Butler, Florida 32054

SEP 10 2019

United States District Court
Northern District of Florida
Office of Clerk
111 North Adams Street, Suite 322
Tallahassee, Florida 32301-7730



MAILED FROM A
STATE CORRECTIONAL
INSTITUTION

U.S. POSTAGE
ZIP 32054
0001403